Tuttman, Kathe M., J.
Background
Co-defendants Howard Winter and James Melvin each stand indicted for two counts of attempted extortion in violation of G.L.c. 265, §25 and conspiracy to commit extortion in violation of G.L.c. 274, §7. At their arraignment on December 4, 2012 before a Clerk-Magistrate, bail was set by agreement, without a hearing. The Commonwealth filed a Statement of the Case.[1] The Statement of the Case contains, in addition to a detailed description of the allegations, several quotations excerpted from statements purportedly made by the defendants and recorded without their knowledge pursuant to prior court authorization, as well as a statement purportedly recorded on the telephone answering machine of one of the alleged victims. These statements contain language that, if accurate, is highly incriminating and inflammatoiy.
The defendants orally moved to impound the Statement of the Case on the grounds that it contains details about the allegations that go beyond what has already been reported in the press and would, if released, potentially prejudice their rights to a fair trial as well as their privacy rights. After a preliminary hearing, the Court entered a provisional order of impoundment and set the matter down for full hearing, upon the defendants’ filing of a written motion and after notice to the public. The defendants subsequently filed a written motion on December 10, 2012, and public notice of the hearing was posted in the Clerk’s Office. The hearing was held on December 18, 2012. The Commonwealth opposes the motion and has filed a written opposition. No third parties appeared at the hearing or filed an opposition to the defendants’ motion.
Discussion
Judicial records, such as the Statement of the Case at issue here, are presumptively open in criminal proceedings. New England Internet Café, LLC v. Clerk of the Superior Court for Criminal Business, 462 Mass. 76, 82-83 (2012). Impoundment may be appropriate, however, in the discretion of the judge, where “good cause” is demonstrated. Id. at 83. The Uniform Rules on Impoundment Procedure, as set forth in Trial Court Rule VIII, while technically applicable only to civil proceedings, id., at Rule 1, “have been considered instructive in criminal cases as well.” Commonwealth v. Silva, 448 Mass. 701, 705 (2007). The Supreme Judicial Court has emphasized that the “(p]ractice regarding orders of impoundment entered in criminal proceedings should hew as closely as possible to the protocol described in the uniform rules.” Republican Co. v. Appeals Court, 442 Mass. 218, 227 n.14 (2004). The Uniform Rules provide that “(a]n order of impoundment may be entered by the court, after hearing, for good cause shown and in accordance with applicable law. In determining good cause, the court shall consider all relevant factors, including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reason(s) for the request.” Uniform Rules on Impoundment Procedure, Rule 7. See also Boston Herald, Inc. v. Sharpe, 432 Mass. 593, 604 (2000) (‘To determine whether good cause is shown, a judge must balance the rights of the parties based on the particular facts of each case”). The defendants, as the moving parties, have the burden to demonstrate that there is good cause for impoundment. Republican Co. v. Appeals Court, supra at 225. If the defendants meet their burden, the scope of the impoundment order must be tailored “so that is does not exceed the need for impoundment.” Boston Herald, Inc. v. Sharpe, supra at 605.
The defendants contend that the Statement of the Case serves no purpose at this stage of the proceedings because it was not filed in connection with any judicial decision making process. Since the parties agreed to the bail terms and conditions, they argue, there was no reason for the Commonwealth to file the document other than to make the information it contains accessible to the media. The defendants claim that the level of detailed information included in the Statement of the Case will, if made public, generate undue pretrial publicity and therefore may affect their rights to a fair trial, particularly because this case has already been the subject of significant media attention. They also contend that, should their alleged statements ultimately be suppressed, their privacy rights would be implicated, because their alleged statements would only be available to the public through the Statement of the Case.
The Commonwealth responds that even where bail is agreed, it is up to the magistrate or judge to determine that the proposed agreement is appropriate and thus, a Statement of the Case provides necessary information to the court at the time of arraignment. The Commonwealth also asserts that much of the information contained in the Statement of the Case is already in the public eye, having been presented orally at the defendants’ arraignment in the District Court. No party provided a transcript of the District Court hearing. However, it is apparent based on counsel’s representations that the Statement of the Case contains certain specific details of the defendants’ alleged recorded statements that were not made public at that time.
Although the question of bail was uncontested, the Commonwealth is correct that it had an obligation to put before the court sufficient information to support the joint bail request; accordingly, it was proper, in principal, for the Statement of the Case to be filed. Nevertheless, the defendants are also correct that the level of detail in this Statement of the Case goes beyond *618 what is necessary to apprise the court of the allegations, and may negatively impact their rights by generating prejudicial pretrial publicity at a level beyond what has already appeared in the media. Additionally, it may reveal highly sensitive information that, should the defendants’ statements ultimately be suppressed, would not otherwise become part of the public record of the case. Therefore, after balancing the rights of the parties based on the particular facts at issue, I conclude that the defendants have demonstrated that there is good cause to impound those portions of the Statement of the Case that include direct quotations of recorded statements purportedly made by them, until such time as this information becomes relevant to a judicial determination of some issue in the case.
ORDER
Based on the foregoing, it is hereby ordered that the defendants’ Motion to Impound is ALLOWED as to those portions of the Commonwealth’s Statement of the Case that include direct quotations of recorded statements purportedly made by the defendants, and is otherwise DENIED. Consistent with this Order, the Statement of the Case filed on December 4, 2012 shall remain impounded, and a redacted version, attached hereto, shall become part of the public file.

 It is the Commonwealth’s regular practice in Middlesex County to file a Statement of the Case at arraignment or soon thereafter “to assist the Court in generally understanding the nature and circumstances” of a particular case.